IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAAIYAH HANIFAH GOLDSTEIN, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-1343 |
| | : | |
| UNITED STATES | : | |
| POSTMASTER GENERAL, *et al.*, | : | |
| Defendants. | : | |

MEMORANDUM

ROBRENO, J.                                                                                          JULY 6, 2022

Plaintiff Daaiyah Hanifah Goldstein has filed a *pro se* Complaint ("Compl.") and a

Motion for Leave to Proceed *In Forma Pauperis*. (ECF Nos. 2, 1.) For the following reasons,

the Court will grant Goldstein leave to proceed *In Forma Pauperis* and dismiss her Complaint

pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.      FACTUAL ALLEGATIONS[1]

Goldstein names as Defendants the United States Postmaster General and the attorneys

for the United States Postal Service. (Compl. at 3.) Goldstein invokes federal question

jurisdiction and describes the basis for jurisdiction as follows: "Indie blogger – Retaliation of

mail delivery problems." (*Id.*) She claims that since 2017 she has not received her checks from

the government. (*Id.* at 4.) She requests that medical records be sent from her (unidentified)

lawyer's offices "as an invoice to your lawyer's offices." (*Id.* at 5.) As relief, she references the

Sixth Amendment and "unspecified court records." (*Id.*)

---

[1] The allegations set forth in this Memorandum are taken from Goldstein's Complaint. The
Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

## II.    STANDARD OF REVIEW

Because Goldstein appears to be unable to pay the filing fee in this matter, the Court will grant her leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which require the Court to dismiss the Complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

## III.   DISCUSSION

Goldstein alleges that she is an indie blogger and that she was retaliated against.  She seems to allege that the retaliation took the form of mail delivery problems.  (Compl. at 2.) Specifically, Goldstein alleges that she has not received checks from the government since 2017. (id at 3.)  The Court infers that Goldstein holds the Postmaster General responsible for her failure to receive her checks.  It is unclear what role the attorneys for the Postal Service played in the alleged retaliation.  In sum, the factual basis for Goldstein's claims is far from clear.  Moreover, the Court cannot determine the nature of the relief Goldstein seeks.

However, upon review, and considering the Court's obligation to construe *pro se* filings liberally, the Court liberally construes the Complaint to be attempting to assert a claim against the United States Postal Service for failure to deliver Goldstein's checks.  Such a claim, however, is baseless.

The Postal Service is "an independent establishment of the executive branch of the Government of the United States."  39 U.S.C. § 201.  As such, it enjoys sovereign immunity absent a specific waiver.  *U.S.Postal Service v. Flamingo Indus. (USA)*, 540 U.S. 736, 744 (2004).  The Federal Tort Claims Act ("FTCA") waives the Postal Service's immunity in circumstances where employees act negligently in the scope of their duties.  *See* 28 U.S.C. §

1346(b)(1). However, the FTCA qualifies its waiver of immunity for certain categories of

claims, one of which pertains to postal operations. Section 2680(b) provides that the Postal

Service retains immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent

transmission of petters or postal matter." 28 U.S.C. § 2680(b). The Supreme Court has made

clear that in creating this exception, "Congress intended to retain immunity . . . for injuries

arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in

damaged condition, or at the wrong address." *Dolan v. United States Postal Service*. 546 U.S.

481, 486 (2006). *See Wheeler v. Ulsiny*, 482 Fed. App'x. 665, 668 (3d Cir. 2012) (affirming

dismissal of claim based on loss of mail on sovereign immunity grounds); *Hooker v. U.S. Post*

*Office, Overbrook Station,* 255 Fed. App'x. 658, 659-60 (3d Cir. 2007) (affirming District

Court's holding that Postal Service was immune from claim arising from mail delivered to

incorrect address). Goldstein's claim, based on the failure of her government checks to arrive, is

barred by sovereign immunity and must be dismissed.

To the extent that Goldstein's claim can be construed as one raising a retaliation claim

under the First Amendment pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau*

*of Narcotics*, 403 U.S. 388, 392 (1971), that claim, too, is baseless. *Bivens* provides a judicially

recognized remedy for constitutional violations committed by federal actors in limited

circumstances.[2] Since *Bivens* was decided in 1971, the Supreme Court "has repeatedly refused

---

[2] Although *Bivens* provides a remedy against federal actors, "[a]n action against government
officials in their official capacities constitutes an action against the United States; and *Bivens*
claims against the United States are barred by sovereign immunity, absent an explicit waiver."
*Lewal v. Ali*, 289 F. App'x 515, 516 (3d Cir. 2008) (*per curiam*); *see also F.D.I.C. v. Meyer*, 510
U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government
and its agencies from suit."); *Ynfante v. United States*, Civ. A. No. 13-767, 2015 WL 631055, at
*5 (M.D. Pa. Feb. 12, 2015) ("[A] *Bivens* claim can only be asserted against individual
officials."). Although Goldstein does not state whether she is asserting her claims against the
Defendants in their individual or official capacities, the Court notes that Goldstein refers to the
positions held by the Defendants. To the extent this reflects Goldstein's intent to assert her

to extend *Bivens* actions beyond the specific clauses of the specific amendments [of the Constitution] for which a cause of action has already been implied, or even to other classes of defendants facing liability under those same clauses." *Vanderklok v. United States*, 868 F.3d 189, 200 (3d Cir. 2017). The Supreme Court has recognized an implied private action against federal officials in only four cases,[3] and most recently has specifically held that no First Amendment retaliation claim is available under *Bivens*. *Egbert v. Boule*, No. 21-147, 596 U.S. __ (June 8, 2022), slip op. at 14. Accordingly, the Court concludes that Goldstein's claim are legally baseless and must be dismissed.

## IV.    CONCLUSION

For the reasons stated, the Court will grant Goldstein's application for leave to proceed *in forma pauperis* and will dismiss the Complaint. The Court concludes that amendment would be futile, so the dismissal will be with prejudice. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order follows.

---

claims against the Defendants in their official capacities, the claims are in essence claims against the United States that must be dismissed on sovereign immunity grounds. *See Brooks v. Bledsoe*, 682 F. App'x 164, 169 (3d Cir. 2017) (*per curiam*) ("To the extent that Brooks is suing the BOP employees in their official capacities, his claim fails as actions against prison officials in their official capacities are considered actions against the United States, and *Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver."); *Bell v. Rossott*, 227 F. Supp. 2d 315, 320 (M.D. Pa. 2002) (dismissing claim against individual federal defendants sued in their official capacity because the claims are essentially made against the United States).

[3] The Court has recognized claims in: (1) *Bivens* itself, which recognized an implied cause of action for violation of the Fourth Amendment's right against unreasonable searches and seizures; (2) *Davis v. Passman*, 442 U.S. 228 (1979), which recognized a claim for gender discrimination in the employment context under the Fifth Amendment's Due Process Clause; (3) *Carlson v. Green*, 446 U.S. 14 (1980), which recognized a claim against prison officials for inadequate medical care in the prison context under the Eighth Amendment; and (4) *Farmer v. Brennan*, 511 U.S. 825 (1994), which concerned a claim under the Eighth Amendment against prison officials for failure to protect a prisoner from violence by another prisoner. *Shorter*, 12 F.4th at 371-373 ("*Farmer* made clear[] . . . that an Eighth Amendment *Bivens* remedy is available to a transgender prisoner who has been assaulted by a fellow inmate.").

**BY THE COURT:**

*Eduardo C. Robreno*

**EDUARDO C. ROBRENO, J.**